UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN CABRERA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 06-1139 |
| | ) |
| RICK VEACH, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#2] filed by Petitioner, Steven Cabrera ("Cabrera"). For the following reasons, the Petition is DENIED.

## BACKGROUND

Cabrera was convicted in the Northern District of Illinois for conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. On March 22, 2002, he was sentenced to 114 months imprisonment.

On March 6, 2005, a routine search of the cell that was occupied by Cabrera and another inmate was conducted by a Correctional Officer. During the search, the Correctional Officer discovered a government-issued pen in an unsecured open locker in Cabrera's cell. Upon closer inspection, the Correctional Officer noted that the pen smelled strongly of marijuana. The pen was tested and tested positive for cannabinoids. In addition to the pen, the locker contained personal mail belonging to Cabrera. Cabrera denied ownership of the pen.

As a result of the discovery of the pen, the Correctional Officer prepared an Incident Report charging Cabrera with possession of narcotics or related paraphernalia not prescribed by

medical personnel in violation of Bureau of Prisons ("BOP") Code 113. Cabrera was given a copy of the Incident Report and a copy was forwarded to the Federal Bureau of Investigation ("FBI") for possible criminal prosecution. On March 9, 2005, the FBI released the charges to the BOP for administrative processing.

On March 13, 2005, the Unit Disciplinary Committee ("UDC") held a hearing. At the hearing, Cabrera stated "I don't know how I became in possession of that pen. I don't do drugs and took a [urinalysis] which will come back clean. I wouldn't keep it if I did drugs with it." The Unit Disciplinary Committee referred the matter to the Disciplinary Hearing Officer ("DHO") and recommended loss of good time credit and time in disciplinary segregation. However, the UDC also recommended that the DHO hearing be post-poned until after the results of the urinalysis were obtained. It is not clear from the record if the hearing was actually post-poned until after the results of the urinalysis were available; however, Cabrera passed the urinalysis and addressed this issue in his appeal of the DHO's decision.

A due process hearing was held before the DHO on March 16, 2005. Cabrera waived his right to have a staff member representative at the hearing and indicated that he did not wish to call any witnesses. Cabrera appeared at the hearing and gave a statement. He stated "I grabbed the pen and took it in to the cell. I had it in my locker. I have about 20 of them pens in there. I didn't know there was anything on the pen or that it was used for anything. I didn't smoke out of it."

The DHO found that Cabrera had committed the act of Possession of Narcotic Paraphernalia, in violation of BOP Code 113. The DHO based his decision on the reporting officer's statements regarding finding the pen, the fact that the pen smelled of marijuana, the pen contained a residue that tested positive for cannabinoids, and the contents of the locker were

identified as belonging to Cabrera through a review of personal mail found in the locker. Additionally, the DHO noted that Cabrera admitted that he grabbed the pen and took it into his cell along with approximately 20 other pens. The DHO credited the statements of the reporting officer over those of Cabrera. Finally, the DHO found that BOP regulations require all inmates to keep their assigned areas free of contraband, that the pen was in Cabrera's locker smelling of marijuana, and therefore Cabrera used the pen to smoke marijuana. Cabrera was sanctioned with 60 days in disciplinary segregation, loss of 40 days good conduct time, and loss of visiting privileges for one year. Cabrera received the DHO report on April 12, 2005.

On May 5, 2005, Cabrera filed a Regional Administrative Remedy Appeal. Cabrera argued that the pen was not in his possession but was actually in a spare unlocked locker in his cell, that the officers had ulterior motives for filing the Incident Report, that the UDC hearing was untimely, and that he passed the urinalysis test and therefore had not smoked marijuana. In denying the appeal, the Regional Director found that Cabrera was provided with sufficient due process, that inmates are responsible for items found in their living areas, and that the Incident Report was supported by the record. Additionally, the Regional Director found that Cabrera's UDC hearing was held in a timely manner and that the sanctions imposed were commensurate with the act that Cabrera committed.

On July 7, 2005, Cabrera filed a Central Office Administrative Remedy Appeal arguing raising essentially the same arguments as the ones raised in his previous appeal. In denying the appeal, the Administrator of National Inmate Appeals found that the DHO's decision was supported by the record and that the UDC hearing was timely.

Cabrera filed the instant petition for writ of habeas corpus on June 20, 2006, pursuant to 28 U.S.C. § 2241. In his petition, Cabrera argues that (1) his UDC hearing was untimely; (2) he

was denied due process because he was denied exculpatory evidence; and (3) he is actually innocent of the Code violation.[1]  Cabrera asks the Court to expunge his record and restore his 40 days of good conduct time.  The Government responded to Cabrera's petition and Cabrera filed a traverse.  As the issues are now fully briefed, this Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3).

The practical and realistic considerations underlying our penal system restrict the rights and privileges afforded to a lawfully imprisoned inmate more so than that of an ordinary citizen.  *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply.  *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).  However, the needs of an institutional environment are never so great that a prisoner is wholly stripped of all constitutional protections at the jailhouse door.  *Id.*  There is "no iron curtain drawn between the Constitution and the prisons of this country." *Id.* at 555–56.  Prisoners may never be deprived of life, liberty, or property without the due process of law.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Cabrera's first argument is that his UDC hearing was untimely.  Cabrera bases this argument on 28 C.F.R. § 541.15 which states in relevant part:

---

[1] In his pleadings, Cabrera identifies four separate grounds for relief; however, a review of each ground indicates that Cabrera's second argument (he was not in possession of the pen) and his fourth argument (he is actually innocent of the Code violation) are the same.  Accordingly, the Court will combine its discussion of these two issues.

> b) Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.
>
> * * *
>
> (k) The UDC may extend time limits imposed in this section for a good cause shown by the inmate or staff and documented in the record of the hearing.

28 C.F.R. § 541.15

In this case, the incident was reported on Sunday March 6, 2005. The incident was immediately referred to the FBI for possible criminal prosecution and was not referred back to the BOP for administrative processing until March 9, 2005. Cabrera's UDC hearing was held on Sunday March 13, 2005. Accordingly, Cabrera's UDC hearing was only 2 days late.

Upon review, the Court finds that Cabrera's UDC hearing was not untimely because the UDC had good cause under 28 C.F.R. § 541.15(k) to extend the time limit for the hearing because the FBI was in the process of determining whether to conduct a criminal investigation. Moreover, the wording of the statute indicates that the hearing was not untimely because 28 C.F.R. § 541.15(b) merely states that an inmate is "entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(b). "Use of the phrase 'ordinarily' in the regulation implies that the three days is more of a guideline than a hard and fast deadline." *Howard v. Beeler*, 1992 WL 67830, at *3 (N.D.Ill. Mar. 24, 1992). Accordingly, the Court finds that Cabrera's UDC hearing was not untimely because the BOP had good cause to extend the deadline and the regulation only states that an inmate should *ordinarily* be provided with a hearing within three days.

Cabrera next argues that he was denied exculpatory evidence when he asked for, and was not provided with, a statement from the Correctional Officer who found the pen stating where

exactly she found the pen and the results of the test showing that the pen contained marijuana residue. The Government argues that Cabrera has procedurally defaulted this claim because he did not raise this issue in his Regional Appeal or his Central Office Administrative Appeal. A claim that has not been administratively exhausted must be dismissed. *Peterson v. Bezy*, No. Civ. 04-844-WDS, 2006 WL 574912, at *5 (S.D.Ill. March 8, 2006) (noting that the exhaustion requirement is necessary to ensure a fully developed factual record and to allow the BOP to correct any errors prior to the matter being filed in Court). In reviewing Cabrera's Regional Appeal and his Central Office Administrative Appeal, it is evident that Cabrera did not exhaust his administrative remedies with respect to this claim as he never raised this issue in his appeals. Accordingly, this claim is dismissed for failure to exhaust.

Cabrera's final argument is that he is actually innocent of the Code violation because he was not in possession of the pen. Specifically, Cabrera argues that there was insufficient evidence from which the DHO could find him guilty of the Code violation because the pen was found in an unsecured common locker in a three person cell, that the pen was never in his possession, and that the Correctional Officer filed the filed the Incident Report in retaliation for Cabrera complaining about her.

The DHO's decision satisfies due process if it is supported by some evidence in the record. *Henderson v. U.S. Parole Com'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). This "some evidence" standard requires the Court to determine whether there is any evidence in the record that could support the DHO's conclusion. *Id.* In ascertaining whether this standard has been met, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good-time credits has some factual basis. *Superintendent, Mass.*

*Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). In the context of a prison disciplinary proceeding, due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996). Therefore, the DHO's decision will only be overturned if no reasonable adjudicator could have found Cabrera guilty of the offense on the basis of the evidence presented. *Henderson*, 13 F.3d at 1077.

In this case, there is clearly some evidence to support the DHO's finding that Cabrera was guilty of Possession of Narcotic Paraphernalia. Specifically, the Correctional Officer found a pen smelling of marijuana in Cabrera's cell and the pen tested positive for cannabinoid residue. Although the locker was unsecured, the locker was in Cabrera's cell and contained personal mail belonging to Cabrera. Additionally, Cabrera admitted during the DHO hearing that he had the pen in his possession. Contrary to Cabrera's assertion, the fact that he passed a urinalysis exam does not prove that he is innocent of possession of narcotic paraphernalia. Accordingly, in light of all of this evidence, a reasonable adjudicator could have found that Cabrera was guilty of Possession of Narcotic Paraphernalia.

## CONCLUSION

For the forgoing reasons, Cabrera's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DENIED.

ENTERED this 31st day of August, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge